IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02295-BNB

DENNIS DUNANN,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor, Colorado,
STEVEN HAGER, Ex. Dir. C.D.O.C.,
JAMES FALK, Warden, S.C.F., C.D.O.C., and
BURNADETTE SCOTT, CO-3, AIC Coordinator, S.C.F., C.D.O.C.,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Dennis Dunann, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado.  He filed *pro se* a Prisoner Complaint (ECF No. 1).

    On October 16, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 7) that directed Mr. Dunann to file an amended Prisoner Complaint within thirty days that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, alleged an injury, and alleged the personal participation of each named Defendant.  On December 2, 2013, Mr. Dunann, after being granted an extension of time, filed an amended Prisoner Complaint (ECF No. 10).  He asks for injunctive and declaratory relief and money damages.

    Mr. Dunann has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to

dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Dunann is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute.  *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended Prisoner Complaint liberally because Mr. Dunann is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the amended Prisoner Complaint and the action will be dismissed.

In the amended complaint, Mr. Dunann first complains that he is being subjected to cruel and unusual punishment under the Eighth Amendment because he is being housed in a cell that is wheelchair accessible in compliance with the Americans With

Disabilities Act (ADA), but is not as large as the cell he had at the Colorado State Penitentiary and because the job he now has does not pay as well as the job he had at the Colorado State Penitentiary.

The first claim must be construed liberally with assertions in the original complaint in which Mr. Dunann alleged he is 65 years old, dependent on a wheelchair for mobility, and requires two hearing aids to help him hear at a minimal level. He further alleged he was a claimant in *Montez v. Hickenlooper*, No. 92-cv-00870-CMA-OES, and was approved for a wheelchair, hearing aids, and assignment to an accessible cell. As in the original complaint, he does not complain in the amended complaint that he has been denied a wheelchair, hearing aids, or assignment to an accessible cell. He claims the size of his current cell and reduction in pay at his current job violate his Eighth Amendment rights to be free from cruel and unusual punishment.

Mr. Dunann's disagreement with his cell size is legally frivolous. The Supreme Court of the United States has observed that "[t]o the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offense against society." *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); *see also Battle v. Anderson*, 788 F.2d 1421, 1427-28 (10th Cir. 1986) (affirming that a prison is "not a nursery school" but a place for confining convicted felons). Mr. Dunann's claim concerning the reduction in pay for his prison job also is legally frivolous. An inmate does not have a constitutionally protected liberty interest in prison employment. *Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996). Plaintiff has failed to demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the Defendants, and that a favorable judicial decision is likely to redress the injury. *Valley*

*Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994).

Mr. Dunann fails to allege sufficient facts to support his second claim of discrimination under the ADA on the basis of his smaller cell size and lesser-paying job. Merely making vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Mr. Dunann fails to allege the personal participation of any named Defendant in any of the alleged violations. In the order for an amended complaint, Magistrate Judge Boland advised Mr. Dunann that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). He also informed Mr. Dunann that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Dunann must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A

supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Mr. Dunann has failed to demonstrate the personal participation of any named Defendant. The claims, if any, against the Defendants also will be dismissed as legally frivolous.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Dunann files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 10) and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  2nd  day of     January        , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court