IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02295-LTB

DENNIS DUNANN,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor, Colorado,
STEVEN HAGER, Ex. Dir. C.D.O.C.,
JAMES FALK, Warden, S.C.F., C.D.O.C., and
BURNADETTE SCOTT, CO-3, AIC Coordinator, S.C.F., C.D.O.C.,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, Dennis Dunann, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. He filed *pro se* on January 21, 2014, a motion titled "Motion for Reconsideration of Order" (ECF No. 13) asking the Court to reconsider its Order of Dismissal and Judgment entered on January 2, 2014. The Court must construe the motion liberally because Mr. Dunann is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), and will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Mr. Dunann's motion was filed nineteen days after the Court's January 2 dismissal order and judgment. Therefore, The Court will consider Mr. Dunann's January 21 motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

On January 2, the Court dismissed the instant action as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The January 2 dismissal order discusses in detail the reasons for the dismissal. *See* ECF No. 11.

In the motion to reconsider, Mr. Dunann contends the claim in the amended Prisoner Complaint that his cell space is too small is not frivolous. In the amended complaint, he alleges he resides in 81.60 square feet of cell space, with 48.80 square feet of living space once he subtracts the space filled by his bed, lockers, desk, and

stool. See ECF No. 10 at 11. He contends the net living space of 48.80 square feet is in violation of *Ramos v. Lamm*, 639 F.3d 559, 568 (10th Cir. 1980), which upheld the finding in *Battle v. Anderson*, 564 F.2d 388, 395, 397 (10th Cir. 1977), that "60 square feet of living space was the minimum amount of square footage which the Eighth and Fourteenth Amendments require that a state provide an inmate." *Ramos*, 639 F.3d at 568.

Mr. Dunann fails to note *Ramos* also provides "[a] necessary corollary to this ruling is that a state must provide *within such living space* reasonably adequate ventilation, sanitation, bedding" and so forth. *Id.* (emphasis added). Mr. Dunann enjoys 81.60 square feet of living space, which under the *Ramos-Battle* standard is in excess of the required minimum square footage. *Ramos* does not, as Mr. Dunann apparently believes, require a living space large enough to accommodate Plaintiff's bed, lockers, desk, stool, or other amenities and an additional 60 square feet of open living space. Moreover, as discussed in the January 2 dismissal order, Mr. Dunann fails to allege an injury or the personal participation of each named Defendant.

After review of the motion and the entire file, the Court finds that Mr. Dunann fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Fed. R. Civ. P. 59(e) motion does not alter the Court's conclusion that this action properly was dismissed. Therefore, the Fed. R. Civ. P. 59(e) motion will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion for Reconsideration of Order" (ECF No. 13) that Plaintiff, Dennis Dunann, filed *pro se* on January 21, 2014, and which the Court has treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  24th  day of    January        , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court